Jordan Greenberger, Esq.
J. GREENBERGER, PLLC
*Counsel for Plaintiff*
Mailing: 41 Watchung Plaza, #334, Montclair, NJ 07042
NY: 500 7th Ave., 8th Fl., New York, NY 10018
(718) 502-9555
jordan@jgreenbergerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRM TECHSOL PVT LTD., <br>                                Plaintiff, <br><br>           -against- <br><br> VIRGIL INC., <br>                              Defendant. | No. 22-cv-<u>9750</u> <br><br> **COMPLAINT** |

Plaintiff SRM Techsol Pvt Ltd. ("SRM" or "Plaintiff"), for its Complaint against defendant Virgil Inc. ("Virgil" or "Defendant"), pleads the following.

## PRELIMINARY STATEMENT

1.      Plaintiff provided services to Defendant and brings this action to collect unpaid amounts due, which equal $149,800, plus interest and costs.

## PARTIES

2.      Plaintiff is an Indian corporation with its principal place of business located at B-48, Sector C, Aliganj, Lucknow 226024, India.

3.      On information and belief, Defendant is a Delaware corporation, is authorized to do business in New York, and has its principal place of business in New York, New York.

## JURISDICTION & VENUE

4.      The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds $75,000.00, Plaintiff is a foreign citizen, and Defendant is, on information and belief, a United States citizen.

5.      Venue is proper in this district because: (a) on information and belief, Defendant resides in this District [28 U.S.C. § 1391(b)(1)]; (b) on information and belief, a substantial part of Defendant's omissions giving rise to the claim occurred in New York, New York [28 U.S.C. § 1391(b)(1)]; and (c) paragraph 14.6 of the parties' agreement states in pertinent part, "Any action arising out of or relating to this Agreement shall be litigated in, and only in, state and federal courts within the Borough of Manhattan, City of New York, and the parties hereby submit to the exclusive jurisdiction of such courts and agree that they are a convenient forum."

## FACTS APPLICABLE TO ALL CAUSES

6.      Plaintiff and Defendant entered into a Software Development And Maintenance Agreement as of March 2, 2016 (the "Agreement").

7.      Pursuant to the Agreement, Plaintiff agreed to provide certain services to Defendant (*see* § 2.1 of the Agreement), and Defendant agreed to pay Plaintiff for such services (*see* § 6.1 of the Agreement).

8.      Defendant requested Plaintiff's services under the Agreement, and Plaintiff provided Defendant with services under the Agreement.

9.      Plaintiff, through its United States affiliate STPL Inc., issued invoices to Defendant for the services provided.

10.      Defendant did not object to Plaintiff's invoices being issued, or the payments being processed, by Plaintiff's United States affiliate STPL Inc.

11.      Between the commencement of the Agreement and approximately May 2018, Defendant had paid certain invoices but not all of them.

12.     On or about May 17, 2018, Defendant's CEO, Ronald Mitchell, acknowledged in an email to Plaintiff that Defendant had an "outstanding $120k balance", proposed a payment schedule, and represented that "where possible, I will try to accelerate this schedule."

13.     The parties agreed to consolidate the invoices into a $120,000 debt to be paid by Defendant by March 2020 (the "May 2018 Debt").

14.     In or about October and November 2018, Defendant paid $10,000 of the May 2018 Debt, leaving a balance due on the May 2018 Debt of $110,000.

15.     The remaining $110,000 of the May 2018 Debt due and owing to Plaintiff was confirmed by Defendant in an April 10, 2019 letter from Defendant to Plaintiff's American affiliate.

16.     However, Defendant has not paid any further monies towards the May 2018 Debt.

17.     Between June 2018 and September 2019, Plaintiff continued to perform services for Defendant.

18.     Plaintiff, through its American affiliate, issued invoices to Defendant for those services (the "Post-Debt Invoices").

19.     The Post-Debt Invoices totaled $94,675.

20.     Between September 2018 and April 2019, Defendant paid $54,875 towards the Post-Debt Invoices.

21.     However, Defendant has not paid $39,800 of the Post-Debt Invoices, which is due and owing from Defendant to Plaintiff.

22.     The unpaid Post-Debt Invoices are:

| Invoice Number | Invoice Date | Description | Invoice Amount (USD$) |
|---|---|---|---|
| 2007-002-223 | 5 November 2018 | Web/Mobile Development for Oct, 2018 (2 resources) | 7,000 |
| 2007-002-224 | 14 December 2018 | Web/Mobile Development for Nov, 2018 (2 resources) | 7,000 |
| 2007-002-228 | 3 May 2019 | Web/Mobile Development for Mar, 2019 | 3,500 |
| 2007-002-229 | 5 June 2019 | Web/Mobile Development for Mar, 2019 | 4,125 |
| 2007-002-230 | 8 October 2019 | Web/Mobile Development for May, 2019 | 4,300 |
| 2007-002-231 | 8 October 2019 | Web/Mobile Development for Jun, 2019 | 3,825 |
| 2007-002-232 | 8 October 2019 | Web/Mobile Development for Jul, 2019 | 4,050 |
| 2007-002-233 | 8 October 2019 | Web/Mobile Development for Aug, 2019 | 3,075 |
| 2007-002-234 | 8 October 2019 | Web/Mobile Development for Sep, 2019 | 2,925 |

23.    The foregoing Post-Debt Invoices are past due.

24.    Payment was due within 30 days of each invoice (*see* § 6.2 of the Agreement).

25.    On or about July 20, 2021, Defendant acknowledged that it had amounts payable to Plaintiff.

26.    However, Defendant has not paid Plaintiff the balance due on either the Post-Debt Invoices ($39,800) or the May 2018 Debt ($110,000).

27.    Plaintiff attempted to amicably resolve the amounts due absent litigation.

28.    However, the parties were not able to reach a resolution.

29.    Section 14.6 of the Agreement provides:

This Agreement shall be governed and construed in accordance with the laws of the State of New York without reference to the conflicts of law provisions thereof. This Agreement will not be governed or interpreted in any way by referring to any law based on the Uniform Computer Information Transactions Act (UCITA) or any other act derived from or related to UCITA, even if such law is adopted in New York. Further, the United Nations Convention on Contracts for the International Sale of Goods does not apply to this Agreement. Any action arising out of or relating to this Agreement shall be litigated in, and only in, state and federal courts within the Borough of Manhattan, City of New York, and the parties hereby submit to the exclusive jurisdiction of such courts and agree that they are a convenient forum. EACH PARTY WAIVES THE RIGHT TO TRIAL BY

JURY IN ANY ACTION ARISING OUT OF OR RELATING TO THIS
AGREEMENT.

## COUNT I – Breach of Contract

30. Plaintiff repeats and realleges paragraph 1-29 herein.

31. Plaintiff and Defendant are parties to the Agreement.

32. Plaintiff performed under the Agreement.

33. Defendant accepted Plaintiff's services under the Agreement.

34. Defendant partially paid Plaintiff for the services provided.

35. Defendant breached the Agreement by failing to fully pay amounts due and owing
to Plaintiff.

36. Defendant breached its agreement to fully pay the May 2018 Debt by March
2020.

37. The May 2018 Debt totaled $120,000, Defendant paid $110,000, leaving a
balance due on the May 2018 Debt of $110,000.

38. Defendant breached its obligation to fully pay the Post-Debt Invoices.

39. The unpaid Post-Debt Invoices total $39,800.

40. Defendant's breach has caused Plaintiff damages in the principal amount of
$149,800.

41. Plaintiff also entitled to pre-judgment interest.

42. In a letter dated August 25, 2022, Defendant asserted that Plaintiff is not entitled
to interest based on section 9.1 of the Agreement, which states in part that: "IN NO EVENT
SHALL EITHER PARTY'S LIABILITY TO THE OTHER PARTY FOR DAMAGES OF ANY
NATURE EXCEED THE TOTAL AMOUNTS PAID OR TO BE PAID HEREUNDER."

43.    The Agreement has a New York choice of law clause (§ 14.6).

44.    Notwithstanding section 9.1 of the Agreement, under New York law, Plaintiff is entitled to pre-judgment interest on a breach of contract claim at the statutory rate of 9%.

45.    Under New York law, where damages are incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

46.    The May 2018 Debt was due in March 2020.

47.    Interest on the unpaid balance of $110,000 should run from March 1, 2020.

48.    The unpaid Post-Debt Invoices were due within 30 days of each invoice.

49.    Interest on the unpaid Post-Debt Invoices should run on each invoice from the date that is 30 days after the invoice's date.

## COUNT II – Quasi-Contract

50.    Plaintiff repeats and realleges paragraph 1-49 herein.

51.    In a letter dated August 25, 2022, Defendant asserted that Plaintiff failed to provide statements of work under the Agreement, that the failure to do so constituted a material breach, and that such alleged breach "would negate in whole or in part Virgil's obligations to make payments to" Plaintiff.

52.    In the event Defendant does not have an obligation to make payments under the Agreement, Plaintiff nonetheless performed services for Defendant in good faith, Defendant received and accepted such services, Plaintiff reasonably expected that it would be paid for such services, and the reasonable value of Plaintiff's services for which it has not been paid totals the principal amount of $149,800.

53.     Accordingly, under a quasi-contract theory of quantum meruit, Plaintiff is entitled to damages in the principal amount of $149,800, plus interest.

54.     Alternatively, under a quasi-contract theory of unjust enrichment Defendant was enriched at Plaintiff's expense and it is against equity and good conscience to permit Defendant to not pay for Plaintiff's services in the principal amount of $149,800.

### COUNT III – Account Stated

55.      Plaintiff repeats and realleges paragraph 1-54 herein.

56.     Plaintiff issued invoices to Defendant based upon services Plaintiff provided to Defendant.

57.     The parties agreed to consolidate certain invoices into the May 2018 Debt, which Defendant accepted as correct, promised to pay in full by March 2020, and partially paid leaving a balance due on the May 2018 Debt of $110,000.

58.     Accordingly, an account has been stated on the May 2018 Debt in the principal amount of $110,000.

59.     Plaintiff also issued Post-Debt Invoices to Defendant.

60.     Defendant partially paid the Post-Debt Invoices, leaving a balance due on the unpaid Post-Debt Invoices of $39,800.

61.     On information and belief, Defendant did not timely object to the unpaid Post-Debt Invoices.

62.     Accordingly, an account has been stated on the Post-Debt Invoices in the principal amount of $39,800.

63.     The sum of the account stated for the May 2018 Debt and unpaid Post-Debt Invoices is $149,800.

**WHEREFORE** Plaintiff demands a monetary judgment in its favor and against Defendant for the total principal amount of $149,800, with interest at the New York statutory rate of 9% as follows: (i) from March 1, 2020 for the $110,000 unpaid balance of the May 2018 Debt; and (b) from 30 days after each of the unpaid Post-Debt Invoices was issued (*see* ¶ 22 herein).  Plaintiff also demands its costs and disbursements.

Dated: November 16, 2022

J. GREENBERGER, PLLC
*Counsel for Plaintiff*

 /s/ Jordan Greenberger
Jordan Greenberger, Esq.
Mailing: 41 Watchung Plaza, #334, Montclair, NJ 07042
NY: 500 7th Ave., 8th Fl., New York, NY 10018
(718) 502-9555
jordan@jgreenbergerlaw.com